IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 23-00553-CV-W-WBG |
| JACKSON COUNTY, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Pending is a motion to dismiss filed by Kansas City, Missouri Board of Police Commissioners Cathy Dean, Dawn Cramer, Tom Whittaker, Mark Tolbert, Quinton Lucas, and David Kenner; Kansas City, Missouri Police Department ("KCPD") Chief Stacey Graves; and KCPD Officer Christopher Stricken. Doc. 31. Plaintiff has not filed any suggestions in opposition, and the time for doing so has passed. L.R. 7.0(c)(2). For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss.

### I. BACKGROUND

On August 5, 2023, Plaintiff William Anderson initiated this matter by filing a complaint alleging Defendants Jackson County, Missouri; Jackson County Sheriff's Department; and Robert Knudsen (hereinafter, "Jackson County Defendants") violated 42 U.S.C. § 1983. Doc. 1. On August 29, 2023, the Jackson County Defendants moved to dismiss Plaintiffs' claims. Doc. 4. Plaintiff requested additional time to respond to the motion to dismiss, which the Court granted. Docs. 7-8. The Jackson County Defendants' motion to dismiss became fully briefed on October 9, 2023. Doc. 10.

On October 30, 2023, Plaintiff filed a motion seeking leave to amend his complaint. Doc. 12. In the motion, Plaintiff stated that "[i]nformation from the Rule 26 conference necessitates the amendment of the complaint to join additional parties, specifically the Kansas City Police Department." *Id*. at 1. That same day, the undersigned's staff emailed Plaintiff's counsel, informing him of the Local Rules that require a motion for leave to file be accompanied by the proposed pleading. *See* L.R. 15.1(a)(2). Counsel was asked to file an amended motion for leave to amend his complaint accompanied by the proposed amended complaint.

By November 15, 2023, Plaintiff had not filed an amended motion. Thus, the Court denied without prejudice Plaintiff's motion for leave to amend his complaint. Doc. 14. In the Order, the Court reiterated its Local Rule requirement that a motion to amend be accompanied by the proposed amended pleading. *Id*. The Court also informed the parties that if Plaintiff did not immediately file a compliant motion for leave to amend his complaint, the Court would move forward with issuing a ruling on the Jackson County Defendants' motion to dismiss. *Id*.

On December 22, 2023, Plaintiff filed a second motion seeking leave to amend his complaint. Doc. 16. Therein, Plaintiff requested leave "to amend [his] initial complaint for the purpose of pleading additional facts and adding additional parties," including KCPD Officer Stricken. *Id*. at 1. He referred to and attached an Offense/Incident Report, which indicated Officer Stricken handcuffed him. *Id*.; Doc. 16-1 at 2. Plaintiff also repeated the basis for this October 30, 2023 motion to amend: "Information from Rule 26 conference necessitates the amendment of the complaint to join additional parties, specifically the Kansas City Police Department." Doc. 16 at 2. A proposed amended complaint did not accompany the second motion for leave to amend.

On December 27, 2023, the Court denied without prejudice Plaintiff's second motion for leave to amend his complaint. Doc. 17. Again, the Court repeated the Local Rule requirement

2

that a motion for leave to amend must be accompanied by the proposed pleading. *Id*. And the Court also informed the parties that if Plaintiff did not immediately file a compliant motion for leave to amend, it would move forward with issuing a ruling on the Jackson County Defendants' motion to dismiss. *Id*.

When Plaintiff failed to file a compliant motion to amend, the Court set a status conference. Doc. 20. During the status conference, Plaintiff informed the Court that he still planned to seek leave to amend the complaint. Doc. 21. Because of the pending motion to dismiss, the Court directed Plaintiff to file his motion for leave to amend, accompanied by the proposed amended complaint, by no later than January 23, 2024. *Id*.

On January 23, 2024, Plaintiff filed his third motion for leave to amend the complaint. Doc. 22. His motion was accompanied by the proposed amended complaint. Doc. 22-1. The Jackson County Defendants did not file any response to the motion for leave to amend. Accordingly, on February 8, 2024, the Court granted Plaintiff's motion for leave to amend and directed him to "electronically file his amended complaint by no later than February 12, 2024." Doc. 23. After Plaintiff failed to timely file his amended complaint, the Court issued an order directing him to file the amended complaint or show cause why he should not be sanctioned by no later than February 15, 2024. Doc. 24.

On February 14, 2024, Plaintiff filed his amended complaint. Doc. 25. In addition to alleging claims under 42 U.S.C. § 1983 against the Jackson County Defendants, Plaintiff alleged claims under 42 U.S.C. § 1983 against the Kansas City, Missouri Board of Police Commissioners – Cathy Dean, Dawn Cramer, Tom Whittaker, Mark Tolbert, Quinton Lucas, and David Kenner,

as well as KCPD Chief Stacey Graves, and KCPD Officer Christopher Stricken[1] (hereinafter, "Kansas City Defendants"). *Id*.

On April 5, 2024, the Kansas City Defendants moved to dismiss Plaintiff's claims against them. Docs. 31-32.[2] They argue Plaintiff fails to state a claim upon which relief may be granted because his claims are barred by the applicable statute of limitations. *Id*. On April 19, 2024, the date on which Plaintiff's response to the motion was due, Plaintiff moved for an extension of time – until May 3, 2024 – to respond to the aforementioned motion to dismiss.[3] Doc. 33.

On Monday, May 6, 2024, the Court granted Plaintiff's request for an extension of time. Doc. 34. Because Plaintiff's requested deadline had passed, the Court granted him an extension of time until May 10, 2024 to file a response. *Id*. Although the Kansas City Defendants' motion to dismiss has been pending for more than two months, Plaintiff has not filed a response, and the time for doing so has passed. L.R. 7.0(c)(2).

## II.     STANDARD

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading standard is not satisfied when a pleading contains mere "labels and conclusions," "formulaic recitation of the elements" of a

---

[1] In his amended motion, Plaintiff named KCPD Officer "Christopher Sticken" as a defendant. Doc. 25 at 1. The motion to dismiss filed by the Kansas City Defendants refers to the same KCPD Officer as "Christopher Stricken." Docs. 31, 32. Accordingly, the Court assumes the amended complaint contains a misspelling of Defendant Stricken's name and uses the spelling proffered by his counsel in the motion to dismiss.

[2] According to the Kansas City Defendants' motion, they were served on March 22, 2024. Doc. 31 at 1.

[3] Plaintiff's motion did not indicate if the Kansas City Defendants had a position on the requested continuance. *See* Doc. 33. Therefore, the Court waited for the Kansas City Defendants' response to Plaintiff's motion. The Kansas City Defendants' response was due by Friday, May 3, 2024. *See* L.R. 7.0(c)(2).

claim, or "naked assertion[s]" lacking "further factual enhancement." *Id*. (citing *Twombly*, 550 U.S. at 555, 557).

To survive a motion to dismiss for failure to state a claim, the complaint must contain sufficient facts, when accepted as true, makes relief plausible on its face. *Iqbal*, 556 U.S. at 678. "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits [of the claim] is more than a 'sheer possibility.'" *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757 (8th Cir. 2021) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Id*. (quoting *Braden*, 588 F.3d at 594).

Several tenets apply when considering a motion to dismiss. First, a court must accept all factual allegations made in the complaint as true. *Braden*, 588 F.3d at 594. Second, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id*. Third, all inferences are drawn in the light most favorable to the non-moving party. *Id*. at 595 (observing "*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice."). Fourth, at the pleading stage, there is no requirement for direct evidence, and factual allegations may be circumstantial. *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015). Finally, evaluating a complaint is context specific, and a court must "draw on its judicial experience and common sense" when considering a motion to dismiss. *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 679).

A motion to dismiss for failure to state a claim may seek dismissal on the basis that the claims are barred by the statute of limitations. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (citation omitted). Dismissal due to untimeliness is appropriate "when it appears

5

from the face of the complaint itself that the limitation period has run." *Id*. (citation and internal quotation marks omitted). "[I]f it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled." *Id*. (citation omitted).

### III. DISCUSSION

The Kansas City Defendants argue Plaintiff's claims against them are barred by the applicable statute of limitations. Docs. 31-32. Plaintiff alleges the Kansas City Defendants violated 42 U.S.C. § 1983. Doc. 25 at 3-24. Because section 1983 does not contain a statute of limitations, the Supreme Court has instructed courts to look to the most analogous state statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The Eighth Circuit has determined Missouri's five-year statute of limitations, section 516.120(4) of the Missouri Revised Statutes, applies to section 1983 claims. *Sulik v. Taney Cnty.*, 393 F.3d 765, 767 (8th Cir. 2005) (citations omitted).

According to the amended complaint, the events giving rise to Plaintiff's claims occurred between August 6, 2018, and August 9, 2018. Doc. 25 at 6-23. Plaintiff did not assert claims against the Kansas City Defendants until he filed his amended complaint on February 14, 2024. More than five years elapsed between the events giving rise to his claims and his assertion of claims against the Kansas City Defendants. Although given additional time to do so, Plaintiff has not presented any arguments as to why his claims against the Kansas City Defendants are not barred by the statute of limitations. As such, the Court's analysis could stop here. *See Varner*, 371 F.3d at 1016 (holding that when the face of a complaint indicates an action is barred by its applicable limitation period, it is the plaintiff's burden to prove otherwise). Nevertheless, the Court will examine whether the amended complaint relates back to the date the initial complaint

was filed. "The determination of whether an amended pleading should be allowed and whether it relates back to the date of the original pleading are matters within the sound discretion of the trial court." *Shea v. Esensten*, 208 F.3d 712, 720 (8th Cir. 2000) (citation omitted).

Rule 15 of the Federal Rules of Civil Procedure sets forth the requirements for when an amended pleading relates back to the date of the initial pleading:

An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

When interpreting Rule 15(c)(1), the Eighth Circuit has reiterated the following four conditions must be satisfied for relation back when an amended complaint "changes the party or the naming of the party against whom a claim is asserted"[4]: (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set

---

[4] Rule 15(c)(1)(C) has been applied in cases where an amended complaint adds a new party. *See McGonigle v. City of Dubuque*, No. C21-1006-LTS, 2022 WL 965397, at *4 (N.D. Iowa Mar. 30, 2022) (citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 546 n.3 (2010). Further, as discussed *infra*, section III(B), Rule 15(c)(1)(C) imposes an independent requirement for newly added defendants receiving notice of the lawsuit within 90 days of the complaint being filed. *Lee*, 793 F.3d at 897-98.

7

Case 4:23-cv-00553-WBG   Document 38   Filed 06/18/24   Page 7 of 11

out – in the original pleading"; (2) "the party to be brought in by the amendment received such notice of the action that it will not be prejudiced in defending on the merits"; (3) "that party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity"; and (4) "the second and third [conditions] were met within the period provided by Rule 4(m) for serving summons and complaint." *Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 897 (8th Cir. 2015) (citing Fed. R. Civ. P. 15(c)(1)(B), (C)) (quotation marks omitted).

For an amended complaint to relate back to the date of the initial complaint, all the abovementioned conditions must be met. *See id.* (finding a plaintiff's amended complaint changing parties did not relate back to the initial complaint because the fourth condition was not satisfied). The Kansas City Defendants concede Plaintiff's claims against them arise out of the same conduct, transaction, or occurrence alleged by Plaintiff in the initial complaint alleging claims against the Jackson County Defendants. Doc. 32 at 6. The other three *Lee* factors are addressed below.

A. **Mistake Concerning the Proper Party's Identity**

The Kansas City Defendants contend Plaintiff did not make a mistake when he failed to include the Kansas City Defendants in the initial complaint. Doc. 32 at 6-7. In his initial motion to amend his complaint, filed on October 30, 2023, Plaintiff represented "[i]nformation from Rule 26 conference necessitate[d] the amendment of the complaint to join additional parties, specifically the Kansas City Police Department." Doc. 12 at 1. In his second motion to amend his complaint, filed on December 22, 2023, Plaintiff reiterated the same statement and also informed the Court that KCPD Officer Stricken was involved in the incident. Doc. 16 at 1-2.

Rule 15(c)(1)(C)(ii) may be satisfied if a plaintiff knows a prospective defendant exists but, due to a misunderstanding of the prospective defendant's role in the events giving rise the claim, the plaintiff mistakenly chooses to sue a different defendant. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549-50 (2010) (finding this reading "consistent with the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits.") (citation omitted). According to Plaintiff's second motion to amend, he initially misunderstood what roles the officers – one employed by Jackson County,[5] and one employed by KCPD[6] – played in the incident. *See Krupski*, 560 U.S. at 554 (stating a court may consider a plaintiff's postfiling conduct to the extent it "informs the prospective defendant's understanding of whether the plaintiff initially made a mistake concerning the proper party's identity") (internal citation and quotation marks omitted). Based on Plaintiff's filings, it appears he was mistaken when he failed to name the Kansas City Defendants, especially KCPD Officer Stricken, in the initial complaint.

For the amended complaint to relate back to the filing of the initial complaint, however, it must also be shown that the Kansas City Defendants "knew or should have known that the action would have been brought against" them "but for" Plaintiff's mistake. Fed. R. Civ. P. 15(c)(1)(C)(1). When drawing all inferences in the light most favorable to Plaintiff, the Court presumes the Kansas City Defendants would have known the action was brought against them if Plaintiff had named them in the initial complaint. But the Kansas City Defendants were not named

---

[5] Plaintiff alleges that during the time of the alleged events, Defendant Knudsen was a Jackson County sheriff's deputy. Doc. 25 at 4. Defendant Knudsen, one of the Jackson County Defendants, was named in the initial complaint and the amended complaint. Doc. 1 at 1; Doc. 25 at 1.

[6] In the amended complaint, Plaintiff alleges Defendant Stricken was a KCPD officer during the time of the alleged events. Doc. 25 at 6. Defendant Stricken is one of the Kansas City Defendants named in Plaintiff's amended complaint. *Id.* at 2.

in the initial complaint. Further, nothing in the record before the Court suggests the Kansas City Defendants "knew or should have known the action would have been brought against it, but for a mistake concerning the proper party's identity." Moreover, nothing in the record suggests the Kansas City Defendants had any notice whatsoever of the initial complaint prior to being served with the amended complaint on March 22, 2024. Therefore, this relation-back requirement is not satisfied.

B.   **Kansas City Defendants' Notice**

Even if Plaintiff mistakenly failed to name the Kansas City Defendants in the initial complaint and the Kansas City Defendants knew or should have known the action would have been brought against them but for the mistake, the Kansas City Defendants must have received notice of the lawsuit within 90 days after the complaint was filed for the amended complaint to relate back to the date the initial complaint was filed. *See Lee*, 793 F.3d at 897-98.[7] The Kansas City Defendants represent they did not receive notice of the lawsuit until they were served on March 22, 2024. Doc. 32 at 6. Plaintiff has not disputed this representation, and nothing in the record indicates otherwise.

Further, while a plaintiff has 90 days to serve a new defendant after filing an amended complaint, that service period does not toll the requirement set forth in Rule 15(c)(1)(C). *Lee*, 793 F.3d at 898. "Rule 15(c)(1)(C) imposes an independent requirement for relation back, not satisfied here, that the newly added defendant must have had notice of the suit within [90] days of filing the original complaint." *Id*. Because the Kansas City Defendants did not receive notice of the lawsuit until well after the 90-day deadline, this relation-back requirement is not satisfied.

---

[7] When *Lee* was decided, Rule 4(m) of the Federal Rules of Civil Procedure allowed a plaintiff 120 days to serve a defendant. Thus, the *Lee* opinion discusses a 120-day notice period. *See Lee*, 793 F.3d at 897-98. Now, a plaintiff must serve a defendant within 90 days of the complaint being served. Fed. R. Civ. P. 4(m).

10

## IV. CONCLUSION

Because Rule 15(c)(1)(C)'s requirements for relation back have not been satisfied, the amended complaint does not relate back to the date the initial complaint was filed. As such, Plaintiffs' claims against the Kansas City Defendants were not filed within the applicable statute of limitations. Therefore, the Court **GRANTS** the Kansas City Defendants' motion to dismiss and **DISMISSES** Plaintiff's claims against the Kansas City Defendants.

**IT IS SO ORDERED.**

DATE: June 18, 2024

/s/ W. Brian Gaddy
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE