IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-00553-CV-W-WBG |
| ) | |
| JACKSON COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION DISMISSING MATTER WITHOUT PREJUDICE

Having reviewed Plaintiff's counsel's response to the Court's Order to Show Cause (Doc. 44) and upon consideration of the history of this matter, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff William Anderson's claims against Defendants Jackson County, Missouri and Robert Knudsen.

### I. BACKGROUND

**A. Plaintiff's Complaint**

On August 5, 2023, Plaintiff William Anderson filed a complaint alleging claims against Defendants Jackson County, Missouri ("Jackson County"); Jackson County Sheriff's Department ("JCSD"); and Robert Knudsen ("Knudsen"). Doc. 1. On August 29, 2023, Jackson County, JCSD, and Knudsen filed a motion to dismiss Plaintiff's complaint for failure to state a claim. Doc. 4.

**B. Scheduling and Trial Order**

On November 1, 2023, the Court issued its Scheduling and Trial Order. Doc. 13. Therein, the Court set April 22, 2024 as the deadline to complete discovery. *Id*. at 1-2. It also set a pretrial conference on October 30, 2024 and scheduled a jury trial to commence on December 9, 2024. *Id*.

at 1, 5, 7. The Court forewarned the parties that "failure to comply with the deadlines and requirements in this Order or the failure to appear at the pretrial conference may result in sanctions against the party and/or counsel." *Id*. at 9.

C.     **Plaintiff's Motions for Leave to Amend Complaint**

On October 30, 2023, Plaintiff sought leave to amend his complaint. Doc. 12. That same day, the undersigned's staff emailed Plaintiff's counsel informing him that the Court's Local Rules require a motion for leave to amend be accompanied by the proposed amended pleading. *See* L.R. 15.1(a)(2). Plaintiff's counsel was asked to file an amended motion for leave to amend his complaint accompanied by the proposed amended complaint.

After more than two weeks passed without Plaintiff filing an amended motion, the Court denied Plaintiff's first motion for leave to amend without prejudice. Doc. 14. In the Order, the Court stated Plaintiff's motion was denied because it was not accompanied by his proposed amended complaint. *Id*. (citation omitted). The Court indicated it would move forward with issuing a ruling on Defendants' motion to dismiss "[a]bsent Plaintiff immediately filing a compliant motion for leave to amend the complaint." *Id*.

More than one month later, Plaintiff again sought leave to amend his complaint. Doc. 16. Like his first motion, the second motion for leave to amend was not accompanied by the proposed amended complaint. *See id*. Accordingly, the Court denied Plaintiff's second motion for leave to amend. Doc. 17. Again, the Court informed Plaintiff that a motion for to leave to amend must be accompanied by the proposed amended complaint pursuant to Local Rule 15.1(a)(2). *Id*. The Court also stated it would move forward and issue a ruling on the pending motion to dismiss unless Plaintiff immediately filed a compliant motion for leave to amend. *Id*.

Because Defendants' motion to dismiss was still pending, and Plaintiff repeatedly failed to file a compliant motion for leave to amend his complaint, the Court held a status conference on January 16, 2024. Doc. 21. During the hearing, Plaintiff's counsel informed the Court that he intended to file a third motion for leave to amend his complaint. The Court directed Plaintiff's counsel to file said motion – accompanied by the proposed amended complaint – by January 23, 2024. *Id*.

On January 23, 2024, Plaintiff filed his third motion for leave to amend, which was accompanied by his proposed amended complaint. Docs. 22, 22-1. The Court granted Plaintiff's motion and directed him to electronically file his amended complaint by February 12, 2024. Doc. 23.[1] When Plaintiff failed to timely file his amended complaint, the Court directed him to electronically file his amended complaint by February 15, 2024, or "show cause why he should not be sanctioned, including but not limited to dismissal of his claims, for violating the Court's Order." Doc. 24 at 2 (citation omitted).

**D.      Amended Complaint and Motions to Dismiss**

On February 14, 2024, Plaintiff filed his amended complaint. Doc. 25. Similar to the initial complaint, the amended complaint alleged claims against Jackson County, JCSD, and Knudsen. *Id*. at 4, 9-18. It also asserted claims against the Kansas City, Missouri Board of Police Commissioners, Dawn Cramer, Cathy Dean, Stacey Graves, David Kenner, Quinton Lucas, Mark Tolbert, Tom Whittaker, and Christopher Stricken (hereinafter, "Kansas City Defendants"). *Id*. at 4-6, 9-13, 16-23.

---

[1] In the Scheduling and Trial Order, the deadline to join additional parties or amend pleadings was December 22, 2023. Doc. 13 at 1-2. Although Plaintiff's request to file an amended complaint ultimately was untimely under the Scheduling and Trial Order, the Court allowed the amended complaint to be filed. Docs. 22-23.

On February 27, 2024, Jackson County, JCSD, and Knudsen filed a second motion to dismiss.[2]  Doc. 27.  Plaintiff's response to the motion was due March 12, 2024.  L.R. 7.0(c)(2).  Plaintiff, however, never filed a response to the motion, and he did not seek leave of Court to file a response out of time.

On April 5, 2024, the Kansas City Defendants filed a motion to dismiss.  Doc. 31.  On April 19, 2024, Plaintiff requested an extension of time to respond to the motion to dismiss.  Doc. 33.  The Court granted the motion and extended Plaintiff's deadline to respond to May 10, 2024.  Doc. 34.[3]  Despite being granted an extension of time, Plaintiff never filed a response to the Kansas City Defendants' motion to dismiss.

On June 18, 2024, the Court issued rulings on the motions to dismiss.  Docs. 37-38.  The Court granted in part the motion to dismiss filed by Jackson County, JCSD, and Knudsen by dismissing Plaintiff's claims against JCSD.  Doc. 37 at 4.  The Court denied the motion to dismiss in all other respects.  *Id*. at 5-16.  Regarding the Kansas City Defendants' motion to dismiss, the Court granted the motion and dismissed all claims against the Kansas City Defendants.  Doc. 38.

E.     **Pretrial Conference**

On October 30, 2024, the Court attempted to hold a pretrial conference.  Doc. 42.  Counsel for Jackson County and Knudsen appeared at the hearing, but Plaintiff's counsel did not appear.  *Id*.  Plaintiff's counsel did not contact the Court or defense counsel at any time before the hearing.

---

[2] Upon the filing of Plaintiff's amended complaint, the Court denied as moot the first motion to dismiss filed by Jackson County, JCSD, and Knudsen because it moved to dismiss the initial complaint.  Doc. 26.

[3] Contrary to the Scheduling and Trial Order (Doc. 13 at 4), Plaintiff's motion for an extension of time did not indicate opposing counsel's position on Plaintiff's request.  *See* Doc. 33.  As a result, the Court waited until the Kansas City Defendants either filed a response or failed to timely respond to Plaintiff's motion for extension of time.  Pursuant to the Local Rules, the Kansas City Defendants' deadline to respond to Plaintiff's motion was Friday, May 3, 2024 – fourteen days after Plaintiff filed his motion.  L.R. 7.0(c)(2).  On May 6, 2024, after receiving no response from the Kansas City Defendants, the Court granted Plaintiff's request for an extension of time to respond to the motion to dismiss.  Doc. 34.  In his motion, Plaintiff requested an extension until May 3, 2024 to file his response.  Doc. 33.  Because Plaintiff's requested extended deadline had passed when the Court entered its Order, the Court sua sponte extended Plaintiff's deadline to May 10, 2024.  Doc. 34.

Defendants' counsel informed the Court that he last spoke with Plaintiff's counsel during the parties' July 2024 mediation.

Related to the pretrial conference, the Court's Scheduling and Trial Order directed the parties to file certain documents – i.e., exhibit lists, witness lists, and stipulations – at least seven days before the pretrial conference. Doc. 13 at 6-7. Neither party filed any of the required pretrial filings.

F.   **Order to Show Cause**

On October 30, 2024, the Court issued an order directing Plaintiff and his counsel to show cause, by no later than November 6, 2024, as to why Plaintiff and his counsel should not be sanctioned for violating the Court's Order. Doc. 43 at 2 (citation omitted). Plaintiff and his counsel were warned that "[f]ailure to comply with this Order may result in dismissal of Plaintiff's complaint without further notice and may result in additional sanctions against Plaintiff and/or his counsel." *Id*. at 2.

G.   **Plaintiff's Counsel's Response to Order to Show Cause**

On November 6, 2024, Plaintiff's counsel responded to the Court's Order to Show Cause. Doc. 44. Therein, he states he was unable to attend the "case management conference" because he "was inflicted with laryngitis." *Id*. at 1. Plaintiff's counsel explains "[t]he court was not notified of the circumstances because the onset was acute." *Id*. He indicates his client was not informed of counsel's condition and was not advised that he should appear at the pretrial conference. *Id*. Plaintiff's counsel represents his absence was not deliberate, intended to cause delays, or premediated, and his absence "was not meant to be a slight to this [C]ourt." *Id*. Unrelated to his failure to appear at the pretrial conference, Plaintiff's counsel states "there was agreement to file a motion to amend the schedule [sic] ordering [sic] but that had not been done before the case

management conference." *Id.* Plaintiff's counsel has filed nothing further since he filed his November 6, 2024 response to the Order to Show Cause.

## II. STANDARD

The Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Available sanctions include, but are not limited to, striking pleadings, dismissing the matter, staying the matter until the Court's Order is obeyed, and prohibiting a party from supporting designated claims at trial. Fed. R. Civ. P. 37(b)(2)(A)(ii)-(v).

The Court may also dismiss an action if a plaintiff fails to prosecute the matter or fails to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980) (stating district courts have the authority to dismiss a matter sua sponte for lack of prosecution) (citation omitted). "Unless the dismissal order states otherwise, a dismissal under [Rule 41](b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Because dismissal with prejudice is considered a drastic sanction, it "should be sparingly exercised." *See Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (citation omitted).[4]

---

[4] In addition to Rules 16 and 41 of the Federal Rules of Civil Procedure, "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). This Court's authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).

## III. DISCUSSION

### A. Amending Plaintiff's Complaint

For Plaintiff to successfully obtain leave to amend his complaint, the Court instructed his counsel on four separate occasions over four months that he must attach his proposed amended complaint to his motion for leave to amend. *See supra*, section I(C). Then, once Plaintiff was granted leave to amend his complaint, he failed to abide by the Court's Order directing him to electronically file the amended complaint on the docket. Doc. 24. It was only after the Court instructed Plaintiff to file his amended complaint or show cause why he should not be sanctioned that Plaintiff filed his amended complaint. Doc. 25.

### B. Lack of Responses to Motions to Dismiss

Although Jackson County, JCSD, and Knudsen filed a second motion to dismiss, Plaintiff did not file a response. *See supra*, section I(D). And he never requested an extension of time or leave to file a response out of time regarding the second motion to dismiss. When the Kansas City Defendants filed their motion to dismiss, Plaintiff requested additional time to respond. Doc. 33. Although the Court granted Plaintiff's request and provided additional time beyond what was requested, he never filed a response to the Kansas City Defendants' motion to dismiss. Doc. 34.

### C. Deadlines in the Scheduling and Trial Order

Since November 1, 2023, the parties have known all discovery had to be completed by April 22, 2024. Doc. 13 at 1-2. Before the discovery deadline closed, neither party sought an extension of the discovery deadline. In fact, at no point during the pendency of this matter has a party requested an extension of any deadline in the Court's Scheduling and Trial Order. Plaintiff's counsel's response to the Order to Show Cause provided the first indication that the parties may have intended to request an amendment to the Scheduling and Trial Order. Doc. 44 at 1. But his

7

Case 4:23-cv-00553-WBG   Document 45   Filed 11/15/24   Page 7 of 12

filing neither indicates what deadline they would have sought to amend nor provides a basis for why the motion has not filed. *See id*.

Pursuant to the Court's Local Rules, "[a] party may move to extend a deadline established by a scheduling order." L.R. 16.3(a). The motion must "[d]emonstrate a specific need for the requested extension," "[c]ontain a detailed proposed amendment to the previously entered scheduling order," and state opposing counsel's position with regard to the requested extension. L.R.16.3(a)(1)-(3).[5] If the party requests an extension of the discovery deadline, "the remaining discovery must be specifically described and scheduled, e.g., the motion must provide the names of each remaining deponent and the date, time, and place of each remaining deposition." L.R. 16.3(a)(2). "The Court may grant a Rule 16.3(a) motion **only** upon a showing of good cause." L.R. 16.3(b) (emphasis added).

Three days before the discovery deadline, Plaintiff moved for additional time to respond to the Kansas City Defendants' motion to dismiss. Doc. 33. The motion did not seek any relief with regard to the discovery deadline. *See id*. After the discovery deadline passed, Plaintiff's counsel filed a Designation of Neutral on June 17, 2024, indicating the parties agreed to mediate the matter before Larry Rute on July 2, 2024. Doc. 36. Between June 17, 2024 and November 5, 2024, Plaintiff filed nothing in this matter. And, although the jury trial is scheduled to begin on December 9, 2024, Plaintiff still has not moved to amend any deadline in the Scheduling and Trial Order.[6]

---

[5] Pursuant to the Court's Scheduling and Trial Order, a party's motion for an extension of time must include the date when the pleading, response, or action was first due; number of previous extensions; the date the last extension expires; the cause for the requested extension, including a statement as to why the action due has not been or cannot be completed in the allotted time; and whether opposing counsel consents or objects to the requested extension. Doc. 13 at 4.

[6] Even if Plaintiff had requested an extension of time to conduct or reopen discovery, the docket reflects no discovery – other than the exchange of initial disclosures (Doc. 18) – has occurred. *See* L.R. 26.3(b) ("A party must file a certificate of service when it files any discovery document."). The only certificate of service filed by Plaintiff related to his initial disclosures. *See* Doc. 18. Pursuant to the Local Rule 16.3(b), if a party moves to extend the discovery deadline, the Court may grant the motion "**only if**: (1) There has been active discovery; or (2) The moving party demonstrates that disabling circumstances precluded active discovery." L.R. 16.3(b)(1)-(2) (emphasis added).

## D. Pretrial Conference

"District courts have explicit authority to require pretrial conferences to improve the quality of the trial through more preparation . . . ." *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595 (8th Cir. 2001) (citation omitted). On November 1, 2023, the Court set the pretrial conference in this matter for October 30, 2024. Doc. 13 at 1, 5.[7] The Court informed the parties that lead trial counsel must participate in the pretrial conference. *Id*. at 5; *see also* L.R. 16.2(b) (stating "attorneys who will handle the trial must participate in all pretrial conferences."). And the parties and their counsel were forewarned their "failure to appear at the pretrial conference may result in sanctions against the party and/or counsel." *Id*. at 9.

The Scheduling and Trial Order also directed the parties to file, among other things, witness lists, exhibit lists, a stipulation of uncontroverted facts, and a stipulation as to admissibility of exhibits at least seven days before the pretrial conference. *Id*. at 6-7. The Court also informed the parties and their counsel that the failure to comply with the Scheduling and Trial Order deadlines may result in sanctions. *Id*. at 9. The parties did not file these pretrial filings before the pretrial conference, and to date, have not filed these pretrial filings.

## E. Dismissal of Matter is Warranted

Plaintiff's counsel's repeated failures to abide by the Court's Orders and its Local Rules and file a compliant motion for leave to amend delayed this matter for several months. The Court awaited Plaintiff's filing of a compliant motion for leave to amend because an amended complaint would have superseded and took the place of the initial complaint, thereby rendering the pending motion to dismiss moot. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is

---

[7] If the Court wishes to hold a pretrial conference, it must give the parties reasonable notice of the time and place of the pretrial conference. L.R. 16.2(a). Here, the parties received more than reasonable notice of the pretrial conference.

well established that an amended complaint super[s]edes an original complaint and renders the original complaint without legal effect.") (citation omitted). Due to the two failed attempts to file a compliant motion and Plaintiff's counsel's lack of immediacy, the Court felt it necessary to hold a status conference. Thereafter, and nearly three months after his first failed attempt to move for leave to amend his complaint, Plaintiff filed a compliant motion for leave to amend. Doc. 22. Once Plaintiff's motion for leave to amend was granted, his counsel failed to electronically file the amended complaint as directed by the Court. Because of counsel's failures during this time, the Court withheld ruling on the initial motion to dismiss for four months.

Later, the Court granted Plaintiff's motion for additional time to respond to the Kansas City Defendants' motion to dismiss. Doc. 34. Anticipating Plaintiff's forthcoming response, the Court suspended consideration of the motion to dismiss. Although he was granted an extension of time, Plaintiff never filed a response.[8] Plaintiff's inaction further delayed this matter.

For nearly one year, Plaintiff and his counsel have known about the October 30, 2024 pretrial conference, and they were aware that certain filings were due before the pretrial conference. Doc. 13 at 1, 5-7. They knew lead trial counsel was required to attend the pretrial conference. *Id*. at 5. And Plaintiff and his counsel knew failure to comply with the Court's deadlines or appear at the pretrial conference "may result in sanctions against the party and/or counsel." *Id.* at 9. Plaintiff failed to file the required pretrial filings.[9] And Plaintiff's counsel, the

---

[8] In addition, Plaintiff never responded to the second motion to dismiss filed by Jackson County, JCSD, and Knudsen.

[9] Per the Scheduling and Trial Order, "[a]fter the time for filing lists of witnesses has expired, no supplemental or amended list will be filed without leave of Court and for good cause." Doc. 13 at 6. Similarly, "[a]fter the time for filing exhibit lists has expired, no supplemental or amended exhibit list shall be filed without leave of Court and for good cause." *Id*. at 7. Although his witness list and exhibit list were due on October 23, 2024, Plaintiff has not sought leave of Court to file either out of time. As a result, if the trial were to proceed as scheduled on December 9, 2024, Plaintiff would be unable to present any evidence.

only attorney of record for Plaintiff and presumably lead counsel in this matter, did not appear at the pretrial conference.

This matter is set for a jury trial on December 9, 2024 – less than four weeks from now. Yet, as detailed above, the docket reflects Plaintiff has disregarded the Court's Orders and its Local Rules. In addition, Plaintiff's counsel has delayed this matter due to his failure to abide by the Court's Orders and its Local Rules. And Plaintiff and his counsel have failed to prosecute this matter.

The Court has given serious consideration to less extreme sanctions than dismissal. But because of the multiple failures of Plaintiff and/or his counsel to respond to motions, meet deadlines, conduct discovery, abide by the Court's Orders and its Local Rules, and/or prosecute this matter after the amended complaint was filed, a less severe sanction would not be an adequate remedy. Based on the foregoing, the Court finds dismissal is warranted under Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure.

While Plaintiff's and his counsel's repeated failures and blatant disregard of the Court's Orders and its Local Rules suggest intentional and/or willful conduct, the Court, in its discretion, concludes the drastic and harsh sanction of dismissal with prejudice should not be ordered. *See Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 751 (8th Cir. 1996) (reserving dismissal with prejudice for matters where "the plaintiff has intentionally delayed the action") (citation omitted); *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) (stating a matter should not be dismissed with prejudice for failure to prosecute unless "the plaintiff has consistently and wil[l]fully failed to prosecute his claim.") (citation omitted). Although the record in this case demonstrates Plaintiff and his counsel have intentionally delayed this matter and consistently and willfully failed to prosecute this matter, the Court in its discretion dismisses this matter without prejudice.

## IV. CONCLUSION

Pursuant to the foregoing discussion, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Jackson County, Missouri and Robert Knudsen.

**IT IS SO ORDERED.**

DATE: November 15, 2024          /s/ W. Brian Gaddy
                                 W. BRIAN GADDY
                                 UNITED STATES MAGISTRATE JUDGE